IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL A. BERGER,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROTO-ROOTER SERVICES COMPANY aka/dba ROTO-ROOTER PLUMBING & WATER CLEANUP,<br><br>　　　Defendant. | Case No. |

## NOTICE OF REMOVAL

Defendant Roto-Rooter Services Company ("Roto-Rooter" or "Defendant"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby gives notice of the removal of the above-captioned action to the United States District Court for the Eastern District of Pennsylvania. In support of its Notice of Removal, Roto-Rooter states as follows:

　　　1.　　　Plaintiff Daniel A. Berger ("Berger" or "Plaintiff') filed the Statement of Claims in this action on May 24, 2022 in the Philadelphia Municipal Court, First Judicial District of Pennsylvania, as *Daniel A. Berger v. Roto-Rooter Services Company aka/dba Roto-Rooter Plumbing and Water Cleanup*, No. SC-22-05-24-4632 (the "State Court Action"). Plaintiff's Statement of Claims seeks damages for violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C.S. § 1961, *et seq*., the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*., and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et* seq. A true and accurate copy of Plaintiff's Statement of

Claims is attached as **Exhibit A**. Plaintiff was not able to demand a jury trial pursuant to the rules of the Philadelphia Municipal Court.

2. True and accurate copies of all other process, pleadings, orders, and other documents served, filed or entered in the State Court Action as of the date of the filing of this removal are attached hereto as **Exhibit B**.

## FEDERAL QUESTION JURISDICTION

3. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff alleges claims for violation of the laws of the United States, specifically 18 U.S.C.S. § 1961, *et seq.*, and the Court therefore has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction and alleged course of events and form part of the same case or controversy as Plaintiff's federal cause of action.  28 U.S.C. § 1367.

## DIVERSITY OF CITIZENSHIP JURISDICTION

5. Even if Plaintiff's Statement of Claims did not raise a federal question, the Court also has original diversity jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy plausibly exceeds $75,000, exclusive of interests and costs.

6. Upon information and belief, Plaintiff is a resident and citizen of the Commonwealth of Pennsylvania.

7. Defendant is not a citizen of Pennsylvania.  Rather, Roto-Rooter Services Company is now and was at the time of the commencement of this action, and at all times pertinent hereto, a corporation organized and incorporated in Iowa with its principal place of business in Ohio.

8. Accordingly, complete diversity exists as Plaintiff and Defendant are citizens of different states under 28 U.S.C. § 1332.

9. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10. While Roto-Rooter contends that the allegations of Plaintiff's Statement of Claims are meritless and that Plaintiff is entitled to no recovery whatsoever, Plaintiff alleges that Defendant is liable to him for compensatory damages, statutory treble damages, and attorneys' fees and costs. *See* Statement of Claims, Ex. A, at pp. 2-3.

11. Although Plaintiff's Statement of Claims limits his demand to the Philadelphia Municipal Court's jurisdictional limit, Plaintiff further states he "conditionally waives entitlement to such amounts in excess of $12,000 . . . subject to reinstatement upon any event that would transfer the action…" *See* Statement of Claims, Ex. A, at p. 3.

12. Plaintiff also seeks statutory treble damages in connection with his claims for violation of the federal Racketeering and Corrupt Racketeering Influenced and Corrupt Organizations Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and the Pennsylvania Fair Credit Extension Uniformity Act.

13. Plaintiff is also seeking the recovery of statutory attorneys' fees and costs, which must be considered in connection with the amount in controversy. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("Moreover, in calculating the amount in controversy, we must consider potential attorney's fees. Although 28 U.S.C. § 1332 excludes "interest and costs" from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

14. Accordingly, the amount in controversy in this case plausibly exceeds the $75,000 jurisdictional limit established in 28 U.S.C. § 1332, exclusive of interest and costs.

## OTHER PROVISIONS

15. Plaintiff provided a copy of the Statement of Claims to Roto-Rooter via certified mail, return receipt requested, and hand delivery on June 6, 2022 and June 8, 2022, respectively.

16. This Notice of Removal is filed within thirty (30) days of Plaintiff's purported service and Roto-Rooter's receipt of a copy of the complaint in the State Court Action, and is timely filed under 28 U.S.C. § 1446(b).

17. Consent to removal is not required because Roto-Rooter Services Company is the only named defendant.

18. Roto-Rooter has not taken any action to litigate the merits of this case in the State Court Action or otherwise invoked the jurisdiction of the Pennsylvania state courts.

19. Venue is proper in the United States District Court for the Eastern District of Pennsylvania because it is the district court encompassing the Philadelphia Municipal Court, First Judicial District of Pennsylvania within which the State Court Action is pending, in accordance with 28 U.S.C. § 1446(a) and 28 U.S.C. § 118(a).

20. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff. Plaintiff is an attorney and represents himself in connection with this action.

21. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a duplicate copy of this Notice with the Clerk of the Philadelphia Municipal Court, First Judicial District of Pennsylvania.

22. By filing this Notice of Removal, Defendant does not waive any jurisdictional or other defenses that might be available to it, including but not limited to objections to venue, personal jurisdiction, or any other defense listed in Federal Rule of Civil Procedure 12(b).

23. Defendant reserves the right to amend or supplement this Notice of Removal.

24. No previous application has been made for the relief requested in this Notice.

WHEREFORE, Roto-Rooter removes this action to the United States District Court for the Eastern District of Pennsylvania, and respectfully requests that the Philadelphia Municipal Court, First Judicial District of Pennsylvania proceed no further with respect to this action.

Respectfully submitted,

**DINSMORE & SHOHL LLP**

Dated: June 27, 2022

*/s/*Joshua M. Link
Joshua M. Link (PA No. 311695)
100 Berwyn Park
850 Cassatt Road, Suite 110
Berwyn, Pennsylvania 19312
Tel: (610) 408-6020
Fax: (610) 408-6021
joshua.link@dinsmore.com

*Attorneys for Defendant*
*Roto-Rooter Services Company*

## **CERTIFICATE OF SERVICE**

I, Joshua M. Link, hereby certify that on June 27, 2022, I caused a true and correct copy of the foregoing Notice of Removal and all supporting documents to be served upon the following by First Class Mail:

Daniel A. Berger, Esq.
1760 Market Street, Suite 608
Philadelphia, PA 19103

*Plaintiff*

/s/Joshua M. Link
Joshua M. Link